OPINION OF THE COURT
Donald P. DeRiggi, J.
The District Attorney, by Kyle I. Rose, Esq., has brought a motion seeking a protective order for the videotape evidence *838 present in this case. The defendant, Maria Darrosa, by her attorney, Marvin Hirsch, Esq., has opposed this application.
The defendant has been indicted on two counts of sodomy in the first degree, class B violent felonies, three counts of sexual abuse in the first degree, class D violent felonies, and one count of endangering the welfare of a child, a class A misdemeanor.
In addition to the alleged confession made by the defendant, the videotape is the primary evidence against the defendant. The videotape is purported to portray the actual occurrence of the sexual acts between the defendant and her two-year-old charge. If this tape, or a copy thereof, were to get into the hands of anyone connected with the media, the results would be devastating to the child.
Counsel for defendant has argued that a protective order should not be granted because the People have not set forth a sufficient basis for same. He argues that protective orders are usually only granted in cases where it is necessary to protect the identity of witnesses or a confidential informant. In the case at bar, the identity of the infant victim is known to the defendant and her counsel. This protective order only seeks to prevent a copy of the tape from being delivered to counsel for the defendant. The actual discovery of the evidence has already been done, i.e., the existence of the tape is known to the defendant and counsel has viewed the tape on two occasions. This is therefore not a situation where complete discovery of some piece of evidence is denied or delayed.
Counsel takes umbrage at the allegation by the People that he might not be able to guarantee the security of the tape. However, what is missing from counsel’s papers and argument is any allegation that he needs to possess a copy of the tape and, if so, for what reason or what prejudice, if any, would be suffered by the defendant if this protective order is granted.
CPL 240.20 provides for the discovery of various items by the defendant. As per that statute, the evidence or discoverable material is to be made available to the defendant for inspection, photographing, copying or testing. Clearly this tape has been made available to the defendant for inspection. The purpose of discovery is to prevent a trial by ambush and so that a defendant can make a more informed choice as to whether to take a plea or proceed to trial. Those considerations have been accommodated in this case since the tape has been seen by counsel. Further, the District Attorney has agreed to make arrangements for additional viewings of the tape by counsel and the defendant.
*839 Safeguarding the physical and psychological well-being of a minor and protecting minor victims of sex crimes from further trauipa and embarrassment are compelling State interests. (Globe Newspaper Co. v Superior Ct., 457 US 596 [1982].) Civil Rights Law § 50-b prohibits the dissemination of information regarding the identity of a victim of a sex offense to the public by any public officer or employee. While this section does not apply to prevent disclosure to counsel for a defendant charged with the commission of a sex offense, it illustrates the concern of the Legislature that the privacy of such victims be protected. Of course, this right to privacy must be balanced against the right of a defendant to due process and a fair trial.
The People have certainly demonstrated good cause for the granting of a protective order that prevents a copy of the videotape from being provided to counsel for defendant. The damage to the infant victim in this case, if the tape should ever get into the hands of the public, would be truly devastating and cause irreparable harm to the child. The defendant has not shown any prejudice at all to his client if the People’s request were to be granted. In fact there is no allegation by the defendant that possession of a copy of the videotape is important to her defense. In weighing all the considerations presented here, including the nature of the conduct portrayed on the videotape, the infant victim’s right to privacy and the right of a defendant to discovery, this court finds that the compelling and legitimate interest in protecting the minor child outweighs the need of the defendant to possess a copy of the tape. The granting of this protective order will not deprive the defendant of either due process or a fair trial.
Accordingly, the People’s application is granted and no copy of the videotape will be provided to counsel for the defendant. However, the People are directed to give counsel and his client access to viewing the tape upon reasonable notice. Further, when counsel views this tape with his client, those sessions must be held privately in order to ensure the confidentiality of the attorney-client relationship.